MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           :    VERIFIED COMPLAINT

            - v -                   :    07 Civ.

$149,820.00 IN UNITED STATES        :    07 CIV 7034
CURRENCY,
                                    :

            Defendant-in-rem.       :
------------------------------------X

   Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I. NATURE OF THE ACTION

   1. This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $149,820.00 in United States currency (the "DEFENDANT CURRENCY"), on the ground that it constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

3. The DEFENDANT CURRENCY is presently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

4. On or about March 9, 2006, a special agent from the New York Drug Enforcement Task Force ("NYDETF"), acting in an undercover capacity, had multiple conversations with Alonso Salazar ("SALAZAR") concerning the delivery of 267 kilograms of cocaine. The agent represented that he was involved in the transportation of cocaine from El Paso, Texas to the New York area. The agent agreed to provide SALAZAR with a portion of the cocaine in exchange for approximately $150,000 in United States currency.

5. Later that day, on 67th Street in Manhattan, the agent met with SALAZAR, who provided the agent with a 1998 Lincoln Sedan (the "car") containing the DEFENDANT CURRENCY. The agent took possession of the car and stated, in substance and in part, that he needed a few hours to store the money and load the

cocaine into the car.  Subsequently, members of NYDETF seized the DEFENDANT CURRENCY and loaded into the trunk what appeared to be 150 kilograms of cocaine.  The agent and another undercover detective drove the car to Broadway, in Manhattan, where they parked and waited.  Salazar and another man, Guadalupe Alonso Gonzalez, approached the undercover officers.  The agent provided the keys to Salazar, who opened the trunk and appeared to briefly observe the bags containing the fake cocaine.  Salazar and Gonzalez shook hands with the undercover officers, then entered the car and left the area.

6.   The DEFENDANT CURRENCY consisted of 593 one hundred dollar bills, 261 fifty dollar bills, 3,712 twenty dollar bills, 283 ten dollar bills, 76 five dollar bills, and 20 one dollar bills.

7.   On or about May 10, 2006, a grand jury sitting in the United States District Court for the Western District of Texas returned a one-count indictment charging SALAZAR with conspiring to possess with intent to distribute, between February 15, 2006 and March 14, 2006, five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841 and 846.  On June 29, 2007, SALAZAR was convicted of this offense and sentenced principally to 135 months' imprisonment.

IV. CLAIM FOR FORFEITURE

8.   The allegations contained in paragraphs one

through seven of the Complaint are incorporated herein.

9.   Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

10.  The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

11.  By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       August 6, 2007

>                    MICHAEL J. GARCIA
>                    United States Attorney for the
>                    Southern District of New York
>                    Attorney for the Plaintiff
>                    United States of America
>
> By:  */s/ Anna E. Arreola*
>      ANNA ARREOLA
>      Assistant United States Attorney
>      One St. Andrew's Plaza
>      New York, New York 10007
>      Telephone: (212) 637-2218

VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :
SOUTHERN DISTRICT OF NEW YORK )

Joseph W. Bochenek, being duly sworn, deposes and says that he is a special agent with the Drug Enforcement Administration, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds of his belief are official records and files of the DEA and the United States, discussions with and documents prepared by other law enforcement officers and others, and his own personal observations.

                                              Special Agent Joseph W. Bochenek
                                              Drug Enforcement Administration

Sworn to before me this
6th day of August, 2007

NOTARY PUBLIC

LESLEY B. GLENN
Notary Public, State of New York
No. GL-_____
Qualified in New York County
Commission Expires 6/30/11