MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza, 3rd Floor
New York, New York 10007
Tel. (212) 637-2218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
UNITED STATES OF AMERICA,               :

          Plaintiff,               :
                            DECLARATION IN SUPPORT
       - v -               :     OF DEFAULT JUDGMENT

$149,820.00 IN UNITED STATES            :     07 Civ. 7034 (LAK)
CURRENCY,
                     :
          Defendant-in-rem.
--------------------------------x

      ANNA E. ARREOLA, pursuant to 28 U.S.C. § 1746, declares

under penalty of perjury as follows:

      1.    I am an Assistant United States Attorney in the

Office of Michael J. Garcia, United States of Attorney for the

Southern District of New York, attorney for plaintiff herein.  I

have responsibility for the above-captioned matter, and as such,

I am familiar with the facts and circumstances of this

proceeding.  This declaration is submitted in support of

plaintiff's request for a default judgment in the above-captioned

case.

1

## The Verified Complaint

2.    This action seeks forfeiture of $149,820 in United States Currency (the "Defendant Currency"), which was seized by the New York Drug Enforcement Task Force ("NYDETF") on March 9, 2006.  The United States commenced this action by the filing of a verified complaint (the "Complaint") on August 6, 2007.  A copy of the verified complaint is attached hereto as <u>Exhibit A</u> and is fully incorporated by reference herein.

3.    As alleged in the Complaint, the NYDETF seized the Defendant Currency on March 9, 2006 from a car provided by Alonso Salazar-Rosas ("Salazar").  (Compl. ¶ 5).  Earlier that day, an NYDETF agent, acting in an undercover capacity, had discussions with Salazar concerning the delivery of 267 kilograms of cocaine.  (<u>Id.</u> ¶ 4).  The agent agreed to provide Salazar with a portion of the cocaine in exchange for approximately $150,000 in United States currency.  (<u>Id.</u>).

4.    The agent and Salazar later met in Manhattan.  Salazar provided the agent with a 1998 Lincoln Sedan (the "car") containing the Defendant Currency.  (<u>Id.</u> ¶ 5).  The agent took possession of the car and stated, in substance and in part, that he needed a few hours to store the money and load the cocaine into the car.  (<u>Id.</u>).  Subsequently, the NYDETF seized the Defendant Currency and loaded what appeared to be 150 kilograms of cocaine into the trunk of the car.  (<u>Id.</u>).  The agent and

another undercover detective drove the car to Broadway, in
Manhattan.  (<u>Id.</u>).  Salazar and another man, Guadalupe Alonso
Gonzalez, approached the undercover officers.  (<u>Id.</u>).  The agent
provided the keys to Salazar, who opened the trunk and appeared
to briefly observe the bags containing the fake cocaine.  (<u>Id.</u>).
Salazar and Gonzalez shook hands with the undercover officers,
then entered the car and left the area.  (<u>Id.</u>).

        5.    On or about May 10, 2006, a grand jury sitting in
the United States District Court for the Western District of
Texas returned a one-count indictment charging Salazar with
conspiring to possess with intent to distribute, between February
15, 2006 and March 14, 2006, five kilograms or more of cocaine,
in violation of Title 21, United States Code, Sections 841 and
846.  (<u>Id.</u> ¶ 7).  On June 29, 2007, Salazar was convicted of this
offense and sentenced principally to 135 months' imprisonment.
(<u>Id.</u>).

**Notice**

        6.    On or about October 24, 2007, a notice letter and
a copy of the verified complaint were sent by certified mail to
Salazar's attorney, Leon Schydlower, Esq., 303 Texas Avenue, 9th
floor, El Paso, Texas 79901; a copy of this notice letter and the
attachment were also sent to Alonso Salazar-Rosas, at FCI LOMPOC,
Federal Correctional Institution, 3600 Guard Road, Lompoc,
California 93436.  The Government obtained Schydlower's name and

3

address from the Notice of Appeal filed in the criminal case, and Salazar's address from the Bureau of Prisons' website.  The Government subsequently received a signed receipt of delivery for the notice letter sent to Salazar.  Although the Government did not receive a signed receipt for the letter sent to Salazar's attorney, records available on the website for the United States Postal Service confirm that the letter was delivered on October 29, 2007.  A copy of the notice letter and proof of delivery are attached hereto as Exhibit B.  Salazar is the only person known by the Government to have a potential interest in the Defendant Currency.

7.    In addition to the mailed notice, notice of the verified complaint and in rem warrant against the Defendant Currency was published in the New York Law Journal on December 7, 2007, December 14, 2007 and December 21, 2007.  Proof of such publication was filed with the Clerk of this Court on February 8, 2008.  A copy of this proof of publication is attached hereto as Exhibit C.

8.    The Government has provided adequate notice pursuant to Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims.  First, the Government provided direct notice to the only known potential claimant, Salazar, and to his attorney.  See Rule G(4)(b)(iii)(B) ("Notice may be sent to the potential claimant or to the attorney

4

representing the potential claimant with respect to the seizure
of the property or in a related investigation, administrative
forfeiture proceeding, or criminal case."); see also Bye v.
United States, 105 F.3d 856, 857 (2d Cir. 1997) (finding adequate
notice where "the government sent notice to the attorney who
represented Bye in his then-pending related criminal
proceeding").  Second, the Government complied with the
publication requirements of Rule G by publishing once a week for
three consecutive weeks in the New York Law Journal.  See Rule
G(4)(a)(iii)(A) (requiring "publication of notice once a week for
three consecutive weeks").

        9.   Publication was completed on December 21, 2007 and
direct notice was sent on or about October 24, 2007.  No claims
or answers were filed or made in this action, no parties have
appeared to contest the action to date, and the requisite time
periods have expired.  See 18 U.S.C. § 983(a)(4)(A) ("any person
claiming an interest in the seized property may file a claim
asserting such person's interest in the property in the manner
set forth in the Supplemental Rules for Certain Admiralty and
Maritime Claims, except that such claim may be filed not later
than 30 days after the date of service of the Government's
complaint or, as applicable, not later than 30 days after the
date of final publication of notice of the filing of the
complaint"); Rule G(4)(b)(ii) (claim must be filed "at least 35

5

days after the notice is sent"); Rule G(5)(a)(ii)(B) ("if notice
was published but direct notice was not sent to the claimant or
the claimant's attorney," claim must be filed "no later than 30
days after final publication of newspaper notice").

10.    Finally, to the best of my knowledge and belief,
Salazar is not a minor, mentally incompetent, nor in the military
service of the United States.

11.    Accordingly, the Government requests that the
Court enter the proposed Default Judgment.

12.    No previous application for the relief requested
herein has been sought.

Dated:    New York, New York
          June 4, 2008

                              Anna E. Arreola
                              Assistant U.S. Attorney
                              One St. Andrew's Plaza
                              New York, New York 10007
                              Tel. (212) 637-2218